# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 3, 2021        Decided April 16, 2021

No. 20-7004

STANLEY WEBB,
APPELLANT

v.

UNITED STATES VETERANS INITIATIVE (US VETS) AND
COMMUNITY PARTNERSHIP,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-02931)

———

*Mollie Fiero*, Student Counsel, argued the cause as *amicus curiae* in support of appellant. With her on the briefs were *Thomas Burch* and *Anne Howard*, both appointed by the court, and *Jason Sigalos*, Student Counsel.

*Stanley Webb*, pro se, filed the briefs for appellant.

*Laura N. Steel* argued the cause and filed the brief for appellees.

Before: TATEL and PILLARD, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

2

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: Pro se plaintiff Stanley Webb alleges that U.S. Veterans Initiative ("U.S. Vets"), a nonprofit veterans' services provider, discriminated against him because of his sex when it refused to offer him a one-bedroom apartment while offering one to a less-qualified female applicant. The district court dismissed the complaint, concluding that Webb could not sue under the Fair Housing Act because he had paid no rent. The Fair Housing Act, however, prohibits making a dwelling "unavailable" based on sex regardless of whether the injured party paid rent. Accordingly, we reverse.

**I.**

In 2010, Stanley Webb, a disabled veteran, was referred to U.S. Vets for housing assistance. At the time of the referral, U.S. Vets administered two housing programs: the Supportive Housing Program, which allowed participants to live with a roommate in multiple-occupancy units, and Shelter Plus Care, which allowed chronically homeless veterans with disabilities to live in one-bedroom units without roommates or two-bedroom units with a roommate. Webb alleges that he qualified for a one-bedroom unit through Shelter Plus Care. Compl. ¶ 13. When he arrived, however, U.S. Vets allegedly told him that because no one-bedroom unit was available, it needed to place him temporarily in a multiple-occupancy unit through its Supportive Housing Program. *Id.* ¶¶ 2, 4, 6.

A few months after Webb moved in, U.S. Vets placed a female applicant in its Shelter Plus Care program even though she had indicated on her application that she was not chronically homeless. *Id.* ¶¶ 6–7; Compl. Ex. 2, Joint Appendix (J.A.) 11. Webb alleges that U.S. Vets told him that she was

"given preferential treatment because she is a female." Compl. ¶ 7.

Webb filed a complaint with the Department of Housing and Urban Development (HUD), claiming that U.S. Vets discriminated against him because of his sex in violation of the Fair Housing Act. HUD referred the complaint to the D.C. Office of Human Rights, which in turn found no probable cause to believe that U.S. Vets had discriminated against Webb. *See* Letter of Determination, D.C. Office of Human Rights 2 (Feb. 12, 2018), J.A. 75.

Proceeding pro se, Webb then filed this suit in the district court, alleging that U.S. Vets violated the Fair Housing Act. A month later, Webb filed an amended complaint, explaining that the original complaint omitted his mailing address, "correct jurisdiction information and other important facts." Request to Submit Updated Complaint 2 (Jan. 30, 2019), J.A. 27. Of relevance to one of the issues before us, the amended complaint did not reiterate the factual allegations contained in the original complaint.

The district court granted U.S. Vets' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), concluding that because Webb had paid no rent, he had "no legally protected interest" under the Fair Housing Act. *Webb v. United States Veterans Initiative*, No. CV 18-2931, 2019 WL 6877835, at *5 (D.D.C. Dec. 17, 2019) (internal quotation marks omitted). Alternatively, the court granted U.S. Vets' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* at *5 n.6. Webb appeals, and our review is de novo. *See Barr v. Clinton*, 370 F.3d 1196, 1201 (D.C. Cir. 2004) (reviewing dismissal under Rules 12(b)(1) and 12(b)(6) de novo). We appointed counsel to appear as amicus curiae in support of Webb and appreciate the outstanding efforts by

appointed counsel and the student attorney who argued the case.

## II.

Under the Fair Housing Act, it is unlawful to "refuse to sell or rent after the making of a bona fide offer, . . . or *otherwise make unavailable or deny, a dwelling to any person* because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a) (emphasis added). "[A]ny person who . . . claims to have been injured by" conduct prohibited by section 3604, *id.* §§ 3602(f), 3602(i), is an "aggrieved person" who "may commence a civil action," *id.* § 3613(a)(1)(A).

Echoing the district court and emphasizing the phrase "sell or rent," U.S. Vets argues that Webb is not an aggrieved person under the Fair Housing Act because he paid no rent. U.S. Vets might have had a good case if the statute did not contain the phrase "otherwise make unavailable," but that language, following the phrase "to sell or rent," clearly demonstrates that the section encompasses conduct beyond simply refusing to sell or rent. *See id.* § 3604(a). Our court so held in *2922 Sherman Avenue Tenants' Ass'n v. District of Columbia*, 444 F.3d 673 (D.C. Cir. 2006), explaining that the District of Columbia government made housing "unavailable" under section 3604(a) by advising tenants to "'seek alternative housing accommodations,'" *id.* at 685, even though it had not "refuse[d] to sell or rent," 42 U.S.C. § 3604(a).

Here, Webb alleges that U.S. Vets rejected his application for a single-occupancy unit even though he was qualified, while offering one to a less-qualified female applicant, i.e., that U.S. Vets made housing "unavailable" to him because of his sex. Because Webb claims to have been injured by that conduct, he qualifies as an aggrieved person who may bring suit under the Act, whether he paid rent or not. *See Bank of*

*America Corp. v. City of Miami*, 137 S. Ct. 1296, 1303 (2017) (explaining that under the Fair Housing Act, the Court has allowed suits by plaintiffs who were plainly not buyers or renters, such as "a village alleging that it lost tax revenue" and "a nonprofit organization that spent money to combat housing discrimination").

In the alternative, the district court granted U.S. Vets' Rule 12(b)(6) motion because Webb "has not alleged an actual injury." *Webb*, 2019 WL 6877835, at *5 n.6. Defending that ruling, U.S. Vets makes three arguments, all unpersuasive.

First, U.S. Vets argues that Webb's amended complaint fails to repeat the allegations contained in his original complaint. Although it is generally true that "an amended complaint supersedes an original complaint," *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000), our court holds pro se pleadings to "less stringent standards than formal pleadings drafted by lawyers," so long as they contain "factual matter" that allows us to "infer more than the mere possibility of misconduct," *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (internal quotation marks and citation omitted). Courts must consider a pro se plaintiff's complaint "in light of all filings" before dismissing for failing to state a claim. *Brown v. Whole Foods Market Group, Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam); *see also Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (considering "supplemental material filed by a pro se litigant in order to clarify the precise claims being urged").

Although Webb's amended complaint did not restate the factual allegations from the original complaint, the amended complaint refers to his "[HUD] . . . complaint of housing discrimination," which laid out the allegations underlying his

sex discrimination claim. Am. Compl. 2. Moreover, U.S. Vets responded to the allegations contained in the original complaint in its motion to dismiss, and Webb's responsive filings also discussed those allegations. *See* Mem. in Supp. of Mot. to Dismiss at 20–22, J.A. 57–59; Opp'n to Mot. to Dismiss at 11, J.A. 126; Resp. in Opp'n to Mot. for Summ. J. at 10, 15–17, J.A. 143, 148–50; Reply Mem. in Supp. of Mot. to Dismiss at 7–8, J.A. 101–02. In other words, Webb's filings following his "amended" complaint reflect his intent to supplement, rather than replace, his claims in the original complaint. Considering all of this pro se plaintiff's filings together, we find that his allegations of sex discrimination—that U.S. Vets refused to offer him a one-bedroom unit because of his sex while offering one to a less-qualified female applicant—clear the motion to dismiss bar.

Second, U.S. Vets argues that even if Webb's factual allegations were adequate, his discrimination claim fails as a matter of law because he was never "deprived of a place to live." Appellee's Br. 30; *see also Webb*, 2019 WL 6877835, at *5 n.6 (concluding that Webb suffered no actual injury because "U.S. Vets has never deprived him of a rent-free apartment"). Section 3604, however, contains no textual limitation making an otherwise discriminatory housing practice lawful simply because the aggrieved person is not yet homeless. Rather, alleging that someone made "*a* dwelling"—whether or not the plaintiff's current dwelling—unavailable based on a protected characteristic is sufficient. 42 U.S.C. § 3604(a) (emphasis added). Put differently, nothing in the statute required Webb to be kicked out of his multiple-occupancy unit to sue U.S. Vets for refusing to offer him a one-bedroom unit on the basis of his sex.

Finally, U.S. Vets argues that the Fair Housing Act does not extend to Webb's "post-acquisition grievances" that arose

after he acquired housing from U.S. Vets. Appellee's Br. 34. But Webb's discrimination claim arose at the very outset: he asked for a single-occupancy unit and was told by U.S. Vets that one was unavailable, and yet, he alleges, U.S. Vets placed a less-qualified female applicant in a single-occupancy unit. There is nothing "post"-acquisition about this claim.

U.S. Vets' argument would fail even were we to construe Webb's request for a one-bedroom unit as a transfer request after acquiring his multiple-occupancy unit. As our sister circuits have held, nothing in section 3604 limits its scope to discriminatory conduct occurring before or at the time of signing a lease. *See, e.g.*, *Georgia State Conference of the NAACP v. City of LaGrange*, 940 F.3d 627, 632 (11th Cir. 2019) ("The statute does not contain any language limiting its application to discriminatory conduct that occurs prior to or at the moment of the sale or rental."); *The Committee Concerning Community Improvement v. City of Modesto*, 583 F.3d 690, 713 (9th Cir. 2009) ("[W]e conclude that the [Fair Housing Act] reaches post-acquisition discrimination."). U.S. Vets cites *Clifton Terrace Associates v. United Technologies Corp.*, 929 F.2d 714 (D.C. Cir. 1991), but that case has nothing to do with the timing of alleged discriminatory conduct; it held only that property owners could not sue private building services providers under section 3604(b). *Id.* at 720.

## III.

For the foregoing reasons, we reverse the district court's judgment dismissing Webb's complaint and remand for further proceedings consistent with this opinion. In doing so, we express no view on the merits of Webb's Fair Housing Act claim or any claims over which the district court declined to exercise jurisdiction. We also remind the parties that the district

court has broad discretion to limit the scope of discovery pursuant to Federal Rule of Civil Procedure 26(b).

*So ordered.*